WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Todd Patrick Sagy,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-21-00565-PHX-GMS<br><br>**ORDER** |

Plaintiff Todd Patrick Sagy ("Plaintiff") seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("Commissioner"), which denied him disability insurance benefits and supplemental security income under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Because the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and is not based on legal error, the Commissioner's decision is affirmed.

## BACKGROUND

Plaintiff was born in May 1963. He has at least a high school education. (Doc. 16-3 at 30.) His previous jobs included job foreman, production, millwright, over-the-road truck driver, and supervisor. Plaintiff claimed disability due to the following illnesses, injuries, or conditions: traumatic brain injury, tinnitus, migraines, right-hand tremors, depression, arthritis, diabetes, high blood pressure, cognitive problems, and sleep apnea.

On January 5, 2018, Plaintiff applied for disability insurance benefits and

supplemental security income, alleging disability beginning March 2, 2015. The claim was denied initially on March 21, 2018, and upon reconsideration on October 31, 2018. Plaintiff filed a written request for a hearing on January 3, 2019. On March 12, 2020, he appeared with his attorneys and testified at a hearing before the ALJ. A vocational expert also testified. At the hearing, Plaintiff requested to amend the alleged onset date of disability to May 16, 2017. (Doc. 16-3 at 18.) On March 27, 2020, the ALJ decided that Plaintiff was not disabled within the meaning of the Social Security Act. (Doc. 16-3 at 31.) The Appeals Council denied Plaintiff's request for review of the hearing decision, which made the ALJ's decision the Commissioner's final decision. (Doc. 16-3 at 2.) On April 1, 2021, Plaintiff sought review by this Court.

**DISCUSSION**

**I.      STANDARD OF REVIEW**

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). Only issues that are argued specifically and distinctly in a party's opening brief are reviewed. *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). Moreover, "when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). Failure to do so will only be excused when necessary to avoid a manifest injustice. *Id.*

A court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, when the evidence is susceptible to more than one rational interpretation, courts must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Molina v. Astrue*, 674 F.3d 1104, 1111

(9th Cir. 2012). "Overall, the standard of review is 'highly deferential.'" *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015).

## II. FIVE-STEP SEQUENTIAL EVALUATION

### A. Standard

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id*. At step two, the ALJ determines whether the claimant has a severe medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four.

At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id*. If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's residual functional capacity, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

### B. ALJ Application

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2022, and that he has not engaged in substantial gainful activity since May 16, 2017. At step two, the ALJ found that Plaintiff

has the following severe impairments: neurocognitive disorder, status post-traumatic brain injury, migraines, generalized anxiety disorder, and major depressive disorder. (Doc. 16-3 at 20.) At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Doc. 16-3 at 21.)

At step four, the ALJ found that Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: Plaintiff can have occasional exposure to bright light and loud noise; he can understand, remember, and apply short, simple instructions; he can perform only routine, predictable tasks; he should not work in a fast-paced production-type environment; he can make simple decisions; he can have occasional exposure to routine workplace changes; and he can have occasional interaction with the general public and co-workers. (Doc. 16-3 at 23.)

The ALJ further found that Plaintiff cannot perform any of his past relevant work. (Doc. 16-3 at 29.) At step five, the ALJ concluded that considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. (Doc. 16-3 at 30.)

**III.   ANALYSIS**

In assessing whether a person is disabled at step five, the ALJ will take administrative notice of reliable job information and primarily relies on the Dictionary of Occupational Titles ("DOT"). 20 C.F.R. § 404.1566(d); SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2020). The ALJ also may use the services of a vocational expert ("VE") to determine whether a claimant's work skills can be used in other work and the specific occupations in which they can be used. 20 C.F.R. § 404.1566(e); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) ("An ALJ may take administrative notice of any reliable job information, including information provided by a [VE]."). When a VE provides evidence about the requirements of a job, the ALJ "has an affirmative

responsibility to ask about any possible conflict" between the expert evidence and information provided in the DOT.  SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2020).  When there is an apparent conflict between occupational evidence provided by a VE and the DOT, the ALJ "must elicit a reasonable explanation for the conflict before relying on the [VE] evidence to support a determination or decision about whether the claimant is disabled." *Id.*  "[F]or [a] difference between [a VE's] testimony and the [DOT's] listings to be fairly characterized as a conflict, it must be obvious or apparent." *Maxwell v. Saul*, 840 F. App'x 896, 898 (9th Cir. 2020).

Plaintiff alleges that the ALJ failed to address an apparent conflict between the VE's answer to a hypothetical question about the kinds of work Plaintiff is capable of performing and Plaintiff's RFC.  Specifically, the ALJ determined that in light of Plaintiff's RFC, he could understand, remember, and apply "short, simple instructions" and "perform only routine, predictable tasks." (AR 22, 23.)  Yet, in making his final determination, Plaintiff alleges that the ALJ improperly relied on the VE's testimony that Plaintiff could work as a food service worker, agricultural packer, or stubber.  (AR 29.)  Plaintiff claims that under the DOT, these jobs require GED Reasoning Levels of 2 or 3, which are beyond Plaintiff's purported RFC.

A GED Reasoning Level of 2 means a potential employee can "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." DOT 222.687-034, 1991 WL 672136 (Jan. 1, 2016).  Alternatively, a GED Reasoning Level of 3 means the employee can "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." DOT 319.677-014, 1991 WL 672771 (Jan 1, 2016).  Under these definitions, the DOT states that food service worker requires Level 3 reasoning, while agricultural packer and stubber require Level 2 reasoning.  DOT 319.677-014, 1991 WL 672771 (Jan 1, 2016); DOT 222.687-034, 1991 WL 672136 (Jan. 1, 2016); DOT 920.687-134, 1991 WL 687994 (Jan. 1, 2016).

In the Ninth Circuit, a disability applicant with an RFC that limits them to short,

simple instructions can perform work at Reasoning Level 2.  "There is no appreciable difference between the ability to make simple decisions based on 'short, simple instructions' and the ability to use commonsense understanding to carry out 'detailed but uninvolved . . . instructions,' which is what Reasoning Level 2 requires." *Ranstrom v. Colvin*, 622 F. App'x 687, 688 (9th Cir. 2015) (citing *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015)).  Thus, the ALJ was not obligated to resolve a conflict when the VE offered agricultural packer and stubber as hypothetical jobs because those jobs do not conflict with Plaintiff's RFC under controlling case law.  Therefore, any potential conflict presented by food service work is immaterial and amounts to harmless error.  *Jones v. Comm'r of Soc. Sec. Admin.*, 460 F. Supp. 3d 867, 871 (D. Ariz. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)) ([A]n ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate non-disability determination.") (cleaned up).

It is not clear that Plaintiff makes any additional arguments.  But to the extent he suggests an individual must be able to perform "detailed" work in order to perform "medium" work, his argument is neither sufficiently raised nor meritorious.  Specifically, in his opening brief, Plaintiff states, "it appears that the VE may have recognized [an issue with detailed instructions] when he stated that an individual of Plaintiff's age, education, and work experience, with the ALJ's assessed RFC would not be able to perform medium work."  (Doc. 23 at 14.)  However, Plaintiff never explains the consequences of this potential recognition, and the existence of a possible, inadequately explained conflict is insufficient to overcome the ALJ's decision.  Indeed, "for [a] difference between [a VE's] testimony and the [DOT's] listings to be fairly characterized as a conflict, it must be obvious or apparent.  This means that the testimony must be at odds with the [DOT's] listing of job requirements that are essential, integral, or expected." *Maxwell v. Saul*, 840 F. App'x 896, 898 (9th Cir. 2020).  By his own admission, Plaintiff cannot meet this standard.  (*See* Doc. 28 at 2 ("It is unknown if the[] jobs [at issue] are or are not consistent with the RFC.").)  Further, even if the Court could construct an intelligible argument on

this point from the record, it is prohibited from doing so because Plaintiff did not raise such arguments in his opening brief. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("an argument raised for the first time in a reply brief . . . is not an argument that we may consider here"); *Thrasher v. Colvin*, 611 Fed. Appx. 915, 918 (9th Cir. 2015) (unpublished) ("These arguments are waived because they were not raised in the opening brief.") (citing *Smith*, 194 F.3d at 1052).

## CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED** that the final decision of the Commissioner of Social Security is **AFFIRMED.**

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter final judgment consistent with this Order and terminate this case.

Dated this 29th day of March, 2023.

G. Murray Snow
Chief United States District Judge